**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 24-1442
_____

DAVISON DESIGN & DEVELOPMENT, INC.,
Appellant

v.

MARIO SCORZA
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil No. 2:23-cv-00644)
District Judge:  Honorable Marilyn J. Horan
_____

Submitted Under Third Circuit L.A.R. 34.1(a)
February 4, 2025

Before: RESTREPO, MONTGOMERY-REEVES, and SCIRICA, *Circuit Judges*.

(Opinion filed: March 12, 2025)
_____

OPINION*
_____

MONTGOMERY-REEVES, *Circuit Judge*.

In this appeal, Davison Design & Development, Inc. ("Davison") challenges the

District Court's order confirming an arbitrator's award of attorney's fees to Mario Scorza

---

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

and granting Scorza additional attorney's fees for defending against Davison's challenge. For the reasons below, we will affirm.

## I.    BACKGROUND

In 2017 and 2018, Davison and Scorza entered into numerous agreements relating to Scorza's invention idea. The business relationship soured, and Scorza commenced arbitration under the Federal Arbitration Act (the "FAA"). The arbitrator awarded Scorza $20,042.25 in damages and $199,024.05 in attorney's fees (collectively, the "Award"). Davison moved in the District Court to vacate or modify the portion of the Award concerning attorney's fees, arguing that the arbitrator exceeded its powers under the FAA. In response, Scorza moved to confirm the Award, requested pre- and post-judgment interest, and requested additional attorney's fees he incurred in answering Davison's vacatur motion. The District Court rejected Davison's argument that the arbitrator exceeded its powers, confirmed the Award, and granted Scorza additional attorney's fees. Davison timely appealed.

## II.   DISCUSSION[1]

Davison challenges the District Court's order confirming the Award and granting additional attorney's fees.  We address each in turn.

### A.   Confirmation of the Award

When reviewing an arbitration award under the FAA, "we begin with the presumption that the award is enforceable."  *Sutter v. Oxford Health Plans LLC*, 675 F.3d 215, 219 (3d Cir. 2012) ("*Sutter I*") (citing *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24–25 (1983)), *as amended* (Apr. 4, 2012), *aff'd*, 569 U.S. 564 (2013).   As such, "[a] more deferential standard of review applies to the arbitration award itself[,]" and "[w]e do not entertain claims that an arbitrator has made factual or legal errors."  *Id*. at 219.  This is because when an arbitrator makes a "good faith attempt" to interpret and enforce a contract, "even serious errors of law or fact will not subject [its] award to vacatur."[2]  *Id*. at 220 (citing *Brentwood Med. Assocs. v. United Mine Workers of Am.*, 396 F.3d 237, 243 (3d Cir. 2005)).  Instead, only four "narrow grounds" support vacatur under the FAA.  *Id.* at 219.  And the parties agree that only one ground is applicable here: "where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not

---

[1] The District Court had jurisdiction over this case under 28 U.S.C. § 1332.  We have jurisdiction over this appeal under 28 U.S.C. § 1291.

[2] Indeed, the Supreme Court endorsed this view on appeal of the *Sutter* case, noting that "the sole question for us is whether the arbitrator (even arguably) interpreted the parties' contract, not whether he got its meaning right or wrong."  *Oxford Health 31 Plans LLC v. Sutter*, 569 U.S. 564, 569 (2013) ("*Sutter II*").

made."[3]  9 U.S.C. § 10(a)(4).  An arbitrator exceeds its powers under 9 U.S.C. § 10(a)(4) when it "decides an issue not submitted to [it], grants relief in a form that cannot be rationally derived from the parties' agreement and submissions, or issues an award that is so completely irrational that it lacks support altogether."  *Sutter I*, 675 F.3d at 219–20 (citing *Ario v. Underwriting Members of Syndicate 53 at Lloyds for the 1998 Year of Acct.*, 618 F.3d 277, 295–96 (3d Cir. 2010)).

Davison argues that the arbitrator exceeded its authority by granting Scorza's request for attorney's fees.  Davison tacitly acknowledges that Scorza requested attorney's fees in multiple filings with the arbitrator.  But, according to Davison, Scorza only identified one statutory basis for obtaining those attorney's fees: Pennsylvania's Unfair Trade Practices and Consumer Protection Law (the "UTPCPL").  And the arbitrator awarded attorney's fees to Scorza under the American Inventors Protection Act (the "AIPA") and the Texas Invention Development Services Act (the "TIDSA").  Davison says Scorza never pointed to these statutes as a basis for obtaining attorney's fees.  Thus, according to Davison, the arbitrator exceeded its authority by basing the attorney's fee portion of the Award on the AIPA and the TIDSA.  We disagree.

---

[3] The other three grounds warranting vacatur are: "(1) where the award was procured by corruption, fraud, or undue means; (2) where there was evident partiality or corruption in the arbitrators, or either of them;" and "(3) where the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy; or of any other misbehavior by which the rights of any party have been prejudiced."  9 U.S.C. § 10(a)(1)–(3).

Davison ignores the fact that the underlying contracts giving rise to the arbitration explicitly invoke the AIPA and TIDSA, both of which provide for attorney's fees.[4] And the record leaves zero doubt that attorney's fees were contemplated as part of this arbitration. After listing various causes of action in the fourth section of his demand for arbitration (hereinafter, the "Arbitration Petition"), Scorza devoted the fifth section to attorney's fees, requesting "reasonable attorney's fees for prosecuting" the suit stemming from Davison's "wrongful actions." Scorza also "request[ed] an award of any and all further remedies, either at law or in equity, to which he may show himself justly entitled." App. 66. These requests for relief did not foreclose the arbitrator from basing the Award—including attorney's fees—on any proper legal ground anticipated by the underlying contracts at the center of the arbitration (i.e., the AIPA and TIDSA). In this way, the record precludes a finding that the arbitrator had "absolutely no support at all" in granting attorney's fees. *Ario*, 618 F.3d at 295 (quoting *United Transp. Union Loc. 1589 v. Suburban Transit Corp.*, 51 F.3d 376, 379 (3d Cir. 1995)).

Davison responds that Scorza repeatedly and exclusively sought attorney's fees under the UTPCPL throughout the arbitration. That is incorrect. While Scorza devotes a section of his post-hearing brief to the UTPCPL, another section entitled

---

[4] *See, e.g.*, Tex. Bus. & Comm. Code § 52.152(b)(3) ("A customer to whom this section applies may recover in a civil action against the invention developer . . . attorney's fees."); *see also* Am. Inventor Prot. Act, 35 U.S.C. § 297(b)(1) ("Any customer who enters into a contract with an invention promoter and who is found by a court to have been injured . . . may recover in a civil action against the invention promoter . . . *in addition to reasonable costs and attorneys' fees*—[actual and statutory damages] as the court considers just.") (emphasis added).

"CONTRACTUAL DISCLAIMERS OF LIABILITY" explicitly invokes the TIDSA. App. 161–62. It is true that Scorza tethered his attorney's fee request to the UTPCPL in his "Application for Fees and Costs," App. 65–66, but for the reasons stated above, this tethering, whether proper or not, did not neutralize the attorney's fee provisions of the AIPA and TIDSA or their centrality to the arbitration and the subsequent Award. Scorza's request for fees was not an eleventh-hour request that the arbitrator improperly blessed with no support in the parties' submissions; indeed, the fee issue was present throughout the arbitration, and the parties had ample opportunity to address it in their various submissions.

Finally, even if we agreed with Davison that the arbitrator's justification of the Award under the AIPA or TIDSA—or its failure to cite the UTPCPL—was an error, the arbitrator did not exceed its authority in making it. As in *Sutter I*, Davison's "allegations . . . are simply dressed-up arguments that the arbitrator interpreted its agreement erroneously." 675 F.3d at 224. And, as in *Sutter I*, that is not enough. Because we cannot say that the arbitrator's awarding of attorney's fees "was totally irrational," *id.*, Davison cannot win on this claim.[5]

## B. Additional Attorney's Fees

Davison also challenges the District Court's order awarding Scorza additional attorney's fees, under either its inherent equitable powers or Rule 11, as sanctions for

---

[5] Because we find that the arbitrator did not exceed its authority in granting the attorney's fee portion of the Award under 9 U.S.C. § 10(a)(4), we need not consider, in the alternative, whether modification of the Award is warranted under 9 U.S.C. § 11(b).

Davison's vacatur motion. "We review a court's imposition of sanctions under its inherent power for abuse of discretion." *Chambers v. NASCO, Inc.*, 501 U.S. 32, 55 (1991) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 633 (1962)). "Although the traditional American rule ordinarily disfavors the allowance of attorneys' fees in the absence of statutory or contractual authorization, federal courts, in the exercise of their equitable powers, may award attorney['s] fees when the interests of justice so require." *Hall v. Cole*, 412 U.S. 1, 4–5 (1973) (footnotes omitted). "Thus, it is unquestioned that a federal court may award counsel fees to a successful party when his opponent has acted 'in bad faith, vexatiously, wantonly, or for oppressive reasons.'" *Id.* at 5 (quotation omitted).

We cannot hold that the District Court abused its discretion when it concluded that Davison filed its vacatur motion in bad faith because the motion was based on semantics. Davison's own contracts and the parties' arbitral submissions referenced the AIPA and TIDSA laws and the request for attorney's fees. Thus, the District Court did not commit

reversible error in finding that Davison ignored ample record support that attorney's fees were contemplated in the arbitration.[6]

Given these facts, we cannot say that the District Court abused its discretion.[7]

## III. CONCLUSION

For the reasons discussed above, we will affirm the District Court's order.

---

[6] Because we conclude that the District Court properly exercised its equitable powers in awarding attorney's fees, we need not reach whether the award also complies with Rule 11. *See, e.g., Fellheimer, Eichen & Braverman, P.C. v. Charter Techs., Inc.*, 57 F.3d 1215, 1224 (3d Cir. 1995) (noting that courts have the inherent power to award sanctions independent of a Rule 11 violation).

[7] Although we affirm the District Court's award of fees, we decline Scorza's request for additional fees incurred in this appeal.